```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS


JOSHUA D. LIVINGSTON,

                      Plaintiff,

           v.                             CASE NO.   07-3256-SAC

CORRECT CARE
SOLUTIONS, et al.,

                      Defendants.
```

## O R D E R

This civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas (EDCF). Defendants are Correct Care Solutions (CCS), an entity under contract with the Kansas Department of Corrections (KDOC) to provide medical services to prisoners; and Terri Dye, a registered nurse employed by CCS.

As the factual background for this case, plaintiff alleges that in October 2005, he was tested for hepatitis C at his request, and advised "everything was fine" when the results were received on November 7, 2005. Then on January 31, 2006, while he was being seen for a sinus problem "a nurse revealed" that his medical record indicated he was "positive for hep. C." He alleges he then began "receiving blood draws every 90 days" to monitor his liver enzymes, and "was waiting to meet the alleged criteria for treatment" of liver enzymes elevated at least 150% of normal three consecutive times. He further alleges he met the criteria, but CCS "refused to conduct further testing required for treatment." He was moved to El Dorado from Lansing in February, 2007, and alleges he then discovered he "was lied to about the criteria" and was no longer

eligible for treatment because he had less than one year left on his sentence. He thus complains that CCS knew of his condition for nearly two years, but refused to conduct further testing or provide any treatment.

Plaintiff asserts his rights under the Eighth Amendment to be free of cruel and unusual punishment have been violated. He alleges he has sought administrative relief to no avail. He requests a preliminary and permanent injunction, as well as compensatory and punitive damages.

**MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

Plaintiff has submitted a copy of his "Inmate Account Statement" for the six months preceding the filing of his complaint which has been filed as a Motion for Leave to Proceed in forma pauperis (Doc. 2). Plaintiff is reminded that the granting of leave to proceed in forma pauperis merely entitles him to pay the filing fee over time with periodic payments automatically deducted from his inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2); and that pursuant to 28 U.S.C. § 1915(b)(1), he will remain obligated to pay the full $350.00 filing fee in this civil action.

Plaintiff has been already been ordered to submit a partial filing fee in Case No. 07-3229, and will have an outstanding fee obligation of $343.00 in that case once he pays the initial partial filing fee and is granted leave to proceed in forma pauperis therein. He will also have a fee obligation of $350.00 in Case No. 07-3255, once his motion for leave to proceed without prepayment of fees is granted in that case. Collection action of the $350.00

filing fee for this case would begin upon plaintiff's satisfaction of those two prior obligations.  The court reserves ruling upon plaintiff's in forma pauperis motion in this action until the initial partial filing fee requirement in Case No. 07-3229 has been resolved.

**SCREENING**

Because Mr. Livingston is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).  Having screened all materials filed, the court finds that the complaint is subject to being dismissed as against the named defendants for the following reasons.

**FAILURE TO NAME A PROPER DEFENDANT**

Plaintiff names only two defendants.  He does not allege any personal participation in the alleged deprivation of medical attention by Terri Dye, the one person named as defendant. Defendant Dye is not mentioned in the body of the complaint or in plaintiff's attached statement.  This action must be dismissed against defendant Dye unless plaintiff supplements his complaint with factual allegations of acts or inactions by taken defendant Dye showing she actually participated in the incidents underlying his claims.  To hold defendant Dye accountable for money damages, it is not enough to allege her supervisory capacity as head nurse for CCS.

Furthermore, to the extent Mr. Livingston seeks money damages from the other named defendant, CCS, he fails to state a claim under 42 U.S.C. § 1983.  Recovery under Section 1983 is to be based upon the actions or inactions of a "person" rather than an entity.  If plaintiff wishes to sue a private corporation operating under contract with KDOC for damages, he must allege an appropriate basis for federal court jurisdiction.

**MOTION FOR JOINDER**

Plaintiff has filed a Motion for Joinder under FRCP Rule 18, in which he asks that this action be joined with a prior civil rights action filed by him, <u>Livingston v. Buchanan</u>, No. 07-3229-SAC.  His motion for joinder is denied because the parties as well as the claims are not the same or even related in these two cases.  Nor is there any common question or right to relief asserted against all defendants in both cases.

**MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff's motion for preliminary injunction is denied, without prejudice, for the reason that plaintiff's allegations of irreparable harm in his motion are too conclusory to entitle him to such extraordinary relief.  Moreover, plaintiff has not named the persons who allegedly are denying him medical treatment at his current place of confinement.

**MOTION TO APPOINT COUNSEL**

Plaintiff's motion to appoint counsel is denied, without

prejudice, at this juncture as he has no right to counsel in this civil rights action and appears capable of stating the facts in support of his claim.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit additional facts in support of his complaint showing the personal participation of defendant Terri Dye, and in which to show cause why this action should not be dismissed as against CCS.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Joinder (Doc. 3) is denied; and his Motion for Preliminary Injunction (Doc. 4), and Motion to Appoint Counsel (Doc. 5) are denied without prejudice.

**IT IS SO ORDERED.**

Dated this 15th day of November, 2007, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge