IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JOSHUA D. LIVINGSTON,

                    Plaintiff,

          v.                          CASE NO.  07-3256-SAC

CORRECT CARE
SOLUTIONS, et al.,

                    Defendants.

O R D E R

In this civil rights complaint, 42 U.S.C. § 1983, an inmate
of the El Dorado Correctional Facility, El Dorado, Kansas (EDCF)
seeks money damages and injunctive relief based upon his claim that
he was diagnosed with hepatitis C while at Lansing Correctional
Facility (LCF), but has been denied medical treatment at LCF and
EDCF.


**MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

The court grants plaintiff's motion for leave to proceed
in forma pauperis (Doc. 2).  Mr. Livingston is reminded that the
granting of such leave merely entitles him to pay the filing fee
over time through periodic payments automatically deducted from his
inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2);
and that pursuant to 28 U.S.C. § 1915(b)(1), he remains obligated
to pay the full $350.00 filing fee in each civil action filed by

him.

Plaintiff has paid an initial partial filing fee in Case No. 07-3229, and currently has an outstanding fee obligation of $343.00 in that case.  He also has an outstanding fee obligation of $350.00 in Case No. 07-3255.  Collection action of the $350.00 filing fee for this case will begin upon plaintiff's satisfaction of his two prior obligations.

**SCREENING**

Upon initial screening of plaintiff's complaint, the court entered an Order requiring plaintiff to submit additional facts showing personal participation by defendant Terri Dye, and show cause why this action should not be dismissed as against defendant Correct Care Solutions.

In response, plaintiff has filed a Supplement to his Complaint (Doc. 7) in which he names several additional defendants and alleges some additional facts.  Many of the added defendants are not alleged to have been personally involved in unconstitutional acts, including Warden Roberts, EDCF; Kansas Secretary of Corrections Roger Werholtz; and Kansas Governor Kathleen Sebelius.  These state officials may not be held liable for denial of medical treatment simply because they serve in a supervisory capacity or failed to respond to grievances or

letters[1].   As Mr. Livingston was previously informed, personal participation is an essential allegation in a civil rights action. See Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976); Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996).   Accordingly, the court finds these three persons are not proper defendants, and they shall be dismissed from this action.

Plaintiff again includes CCS in El Dorado as a defendant, even though the court explained in its last Order that the CCS is not a "person" to be sued a § 1983 action.   As Judge Murguia recently reasoned in Alvarez-Flores v. Shelton, 2007 WL 2461619, *1 (D.Kan. Aug. 23, 2007):

> To the extent that plaintiff brings his claims against Correct Care Solutions based on the actions of its employees, plaintiff's claim fails because § 1983 claims against corporate defendants may not be premised on principles of respondeat superior.   Smedley v. Corrs. Corp. of Am., 175 Fed. App'x 943, 946 (10th Cir. 2005).
>
> A private corporation performing a government function is liable under § 1983 only where a plaintiff shows "1) the existence of a . . . policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged." Hinton v. City of Elwood, Kan., 997 F.2d 774, 782 (10th Cir. 1993); Smedley, 175 Fed. App'x at 946 (applying § 1983 standards for municipal liability to a corporation performing a government function).   A policy is a formal

---

[1]    Personal participation is not sufficiently alleged by claiming a defendant reviewed and denied or ignored an administrative grievance.   See e.g., Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999), cert. denied, 530 U.S. 1264 (2000); see Davis v. Arkansas Valley Correctional Facility, 99 Fed.Appx. 838, *3 (10th Cir. 2004)(sending correspondence to an official which outlines complaints about medical care, without more, does not implicate official under Section 1983). These defendants are not alleged to have been personally involved in plaintiff's medical care.   Nor does plaintiff describe the substance of his grievances so the court might find they put defendants on clear notice that a constitutional violation was occurring.

> statement by the private corporation. <u>See</u> <u>Gates</u>
> <u>v. Unified School Dist. No. 449 of Leavenworth</u>
> <u>County, Kan.</u>, 996 F.2d 1035, 1041 (10th Cir.
> 1993). A custom is a persistent, well-settled
> practice of unconstitutional misconduct by
> employees that is known and approved by the
> corporation. <u>Id</u>.
>
> Plaintiff fails to identify any official custom or
> policy that violated his constitutional rights. .
> . . . . . Neither (plaintiff's) allegations nor
> any of the evidence submitted in support of
> plaintiff's position, however, suggest that
> defendant Correct Care Solutions had a policy or
> custom that caused plaintiff's injuries. Without a
> policy or custom, defendant Correct Care Solutions
> may not be held liable under § 1983.

<u>Id</u>. This court finds plaintiff has not alleged sufficient facts to

establish liability on the part of CCS, and this action shall be

dismissed as against CCS.

In his Supplement, plaintiff adds unnamed defendants "name

unknown #1" through "name unknown #5," whom he describes only as

employees of CCS and "medical practitioners." He states no claim

against defendant "name unknown #1," who is alleged only to have

"filed" the results of plaintiff's hepatitis test, not to have

misled or withheld information regarding the test. Likewise,

plaintiff states no claim against defendant "name unknown #3," who

is alleged only to have informed plaintiff that he was positive for

hepatitis C.

No claim is stated against defendant "name unknown #4" by

the allegations that he or she placed plaintiff on "chronic care

status" at LCF and explained the criteria for treatment to him,

since these acts appear to be helpful rather than harmful.

Plaintiff's allegation he was informed at EDCF that he was "lied to

about the treatment criteria" by defendant #4 suggests a bad act by this defendant, but plaintiff gives no indication as to how he was harmed by any inaccurate description of treatment criteria.

Plaintiff alleges defendant "name unknown #2" stated to him that "everything was fine" after he had tested positive for hepatitis C.  He also alleges he was "denied any additional testing for over one year" while at LCF after being informed he was infected with the hepatitis C virus by "name unknown #5."  However, plaintiff does not provide the court with sufficient facts about either of these individuals to allow service of process upon them.

Plaintiff named Terri Dye as a defendant in his original complaint, but did not mention any act or inaction by her in the body of his pleading.  In his Supplement, he alleges defendant Dye answered two of his grievances about being denied medical treatment, her two answers "contradict one another," and "she lied about (his) test results."  However, he does not specify what information was contradictory or a lie, or how her actions resulted in his being denied medical treatment.  Thus, the court finds plaintiff still fails to allege sufficient facts in support of a claim against defendant Dye for unconstitutional denial of medical care.

In his Supplement, plaintiff for the first time names Dr. Bokor, an employee of CCS, as a defendant.  He alleges she "lied and contradicted herself in regards to answering his complaints."  However, he again does not describe what she lied about or what complaints he presented.  Such conclusory allegations are not a

sufficient basis for a claim that Dr. Bokor violated the Eighth Amendment by denying necessary medical treatment to plaintiff. Plaintiff also alleges Dr. Bokor "refused to complete (his) chronic care in September, 2007," refused "to order (his) quarterly blood draw," and "refuses to discuss" his Hepatitis C infection with him. These allegations are sufficient for initial pleading purposes, and the court will require a response from this defendant on these allegations once it is provided with information as to her location at the time of her challenged actions or inactions.

In his Supplement, plaintiff adds factual allegations that he had an "initial 'chronic care' visit" upon transfer to EDCF, and was informed he would not receive treatment because he was within one year of release.  However, he does not name the individual at EDCF who either decided or informed him that he would receive no treatment.  Mr. Livingston appears capable of stating facts and making arguments, has some other litigation experience, and has been advised by the court as to the requirement of personal participation.  He should be able to understand that he may not recover money damages from named defendants for actions taken by persons other than the named defendants.  It appears to the court that, on plaintiff's allegations as supplemented, this action may proceed only as against defendant "name unknown #2", defendant "name unknown #5", and defendant Dr. Bokor.  The action shall be dismissed as against all other defendants for failure to allege facts to support a claim against them.

Plaintiff will be given twenty (20) days to provide

sufficient information regarding the three remaining defendants, which will permit service of process upon them. For all three defendants, he must at least state where each was located at the time of his or her alleged actions against plaintiff, and the dates of those actions. For "name unknown #2" and "name unknown #5" plaintiff must provide additional information such as their names, gender, position at the time or times in question, physical descriptions, and any other pertinent information, which will allow service of process upon these individuals.

**IT IS THEREFORE ORDERED** that this action is dismissed and all relief is denied as against defendants Correct Care Solutions, Terri Dye, Warden Raymond Roberts, Jr., Secretary of Corrections Roger Werholtz, Governor Kathleen Sebelius, name unknown #1, name unknown #3, and name unknown #4.

**IT IS FURTHER ORDERED** that plaintiff is granted twenty (20) days in which to submit sufficient information regarding the remaining defendants, which will allow service of process upon them.

**IT IS SO ORDERED**.

Dated this 17th day of April, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge